IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASS CLAUDINE MORNEWECK,          )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )   Civil Action No. 10-1026
                                  )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
          Defendant.              )

O R D E R

AND NOW, this 3rd day of January, 2012, upon consideration of Defendant's Motion for Summary Judgment (document No. 9) filed in the above-captioned matter on January 26, 2011,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 7) filed in the above-captioned matter on December 27, 2010,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I. **Background**

On October 9, 2007, Plaintiff Cass Claudine Morneweck filed her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Specifically, Plaintiff claimed that she became disabled on February 1, 2007, due to headaches, neck pain, and dizziness. (R. 118, 123).

After being denied initially on March 19, 2008, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on April 28, 2008. (R. 33-64, 76-85). In a decision dated February 12, 2009, the ALJ denied Plaintiff's request for benefits. (R. 9-17). The Appeals Council declined to review the ALJ's decision on June 10, 2010. (R. 1-3). On August 6, 2010, Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d

589, 592 (3d Cir. 2001) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d

3

34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to

4

Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. **The ALJ's Decision**

In the present case, the ALJ found that Plaintiff met the insured

requirements of the Social Security Act through December 31, 2010. (R. 11). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability. (R. 11). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had several severe impairments, specifically, headaches, degenerative disc disease, chiari malformation, depression, and anxiety. (Id.). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 11-13).

The ALJ found that Plaintiff retained the RFC to engage in light work, involving no more than occasional bending, kneeling, stooping, crouching, balancing, and climbing of ramps and stairs only. In addition, he found that Plaintiff must avoid concentrated exposure to dust, fumes, odors, gases, poorly ventilated environments, wetness, and humidity, and that Plaintiff must not be exposed to temperature extremes, unprotected heights, dangerous moving machinery, commercial driving, or other workplace hazards. The ALJ found further that Plaintiff is limited to simple, routine, and

repetitive tasks that are not performed in a fast-paced production environment and that involve only simple, work-related decisions and, in general, relatively few workplace changes. Finally, the ALJ found that Plaintiff is limited to occupations which do not involve a high level of stress, such as occupations requiring independent decision-making, occupations subject to close supervision, or occupations requiring close interaction with coworkers or members of the general public. (R. 13-16). Based on this RFC, Plaintiff established that she is incapable of returning to her past employment; therefore, the ALJ moved on to Step Five. (R. 16). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs – including garment sorter, marker, and assembler – that exist in significant numbers in the national economy. (R. 16-17, 60-61). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 17).

## IV. **Legal Analysis**

Plaintiff raises several arguments as to why the ALJ erred in finding that she was not disabled. While the Court does not fully agree with the arguments set forth by Plaintiff, it does agree that remand is warranted in this case. Specifically, the Court finds that

7

the ALJ failed to provide an adequate basis for assigning "little weight" to the opinion of the examining source, Dr. Mark Goral, Ph.D., and that, therefore, the record is insufficient to support the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE. Accordingly, the Court will remand the case for further consideration.

RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001). See also 20 C.F.R. §§ 404.1545(a), 416.945(a). Not only must an ALJ consider all relevant evidence in determining an individual's RFC, the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 247 F.3d at 41 (quoting Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)). "'[A]n examiner's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision.'" Id. (quoting Cotter, 642 F.2d at 705). See also SSR 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).").

Further, a hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

Although the ALJ's decision was quite thorough and contained extensive discussion of Plaintiff's impairments, the ALJ inadequately dismissed the February 10, 2010 findings of Dr. Goral that Plaintiff had marked impairments in her ability to interact appropriately with co-workers, her ability to respond appropriately to work pressures in a usual work setting, and her ability to respond appropriately to changes in a routine work setting. (R. 240). While the ALJ included some of the limitations suggested by this consultative examiner in the RFC, he disregarded Dr. Goral's opinion as to other limitations based on the sole ground that Dr. Goral "relie[d] too heavily on the claimant's subjective complaints" in making his professional assessments. (R. 16).

An ALJ is not free to employ his own expertise against that of a medical professional presenting competent medical evidence. See Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). "When a conflict

9

in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" Id. (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). All evidence must be considered by the ALJ, with reasons given for rejecting or discounting certain evidence. See id. "It is generally improper for an [ALJ] to reject the findings of a consultative examiner *solely* on the ground that they are based on a claimant's subjective complaints where . . . there is nothing in the record to suggest that the consultative examiner relied more on the claimant's subjective complaints than on his or her own clinical observations." Thompson v. Astrue, Civ. No. 09-294, 2010 WL 2545543, at *9 (W.D. Pa. June 21, 2010)(emphasis in original). In short, an ALJ's determination of credibility alone cannot substantiate a dismissal or devaluation of an examining physician's (or examining psychologist's) professional opinion. See Morales v. Apfel, 225 F.3d 310, 318 (3d Cir. 2000). Rather, contrary *medical evidence* is required to discredit medical evidence, and such a reason must be indicated in the ALJ's findings. See Mason, 994 F.2d at 1068.

Here, the ALJ rejected Dr. Goral's findings regarding certain limitations solely on the basis of his finding that Dr. Goral's findings relied "too heavily" on Plaintiff's subjective complaints. The ALJ essentially relied on his judgment as to Plaintiff's credibility to discredit the medical opinion of the consultative

examiner. As discussed above, this constitutes a wrong reason for assigning little weight to a medical opinion. While the Government is correct in pointing out that there is evidence in the record that is arguably contrary to Dr. Goral's findings, the ALJ does not rely on this other evidence in assigning weight to Dr. Goral's opinion as to certain limitations. It is well-established that the Court is not permitted to wander outside of the boundaries created by the ALJ's opinion in reviewing that opinion. See Fargnoli, 247 F.3d at 44 n.7 ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting SEC v. Chenery Corporation, 318 U.S. 80, 87 (1943)).

The ALJ is not necessarily obligated to accept any of the limitations found by Dr. Goral, but he must adequately discuss the basis for rejecting them if that is what he chooses to do. The Court expresses no opinion as to whether the ALJ's RFC determination and hypothetical *could* be supported by the record. It is the need for further explanation that mandates the remand in this case.[1]

## V. Conclusion

In short, the record simply does not permit the Court to

---

[1] To the extent that Plaintiff asks this Court to reverse the ALJ's decision and award benefits, the record simply does not allow the Court to do so. The Court cannot find that substantial evidence in the record as a whole indicates that Plaintiff is disabled and entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).

11

determine whether the ALJ afforded proper weight to Dr. Goral's opinion and whether the ALJ's determination of Plaintiff's RFC and his hypothetical question to the VE are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the Commissioner for reconsideration consistent with this Order.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record