IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASS CLAUDINE MORNEWECK,          )
                                  )
               Plaintiff,         )
                                  )
       vs.                        )    Civil Action No. 10-1026
                                  )
COMMISSIONER OF SOCIAL SECURITY,  )
                                  )
               Defendant.         )

## O R D E R

AND NOW, this 19th day of August, 2013, upon consideration
of "Plaintiff's Counsel's Petition for Attorney Fees under the
Equal Access to Justice Act" (Document No. 13), filed in the
above-captioned matter on March 1, 2012, and of her amended
petition (Document No. 19), filed on March 20, 2012, and in
further consideration of Defendant's response thereto (Document
No. 14), filed on March 16, 2012, and on Plaintiff's counsel's
replies (Document Nos. 18 and 20), filed on March 20 and 21,
2012,

IT IS HEREBY ORDERED that said petitions are DENIED.

Plaintiff's counsel seeks fees under the Equal Access to
Justice Act, 28 § U.S.C. 2412(d) ("EAJA") in connection with the
above-captioned Social Security matter litigated before this
Court.  She represented Plaintiff in this matter, an appeal from

1

the determination of the Commissioner of Social Security

("Commissioner") denying Plaintiff's claim for Disability

Insurance Benefits under Title II of the Social Security Act, 42

U.S.C. §§ 401-434, and for Supplemental Security Income under

Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.

This Court, pursuant to a January 3, 2012 Order, found that

substantial evidence did not support the decision of the

Administrative Law Judge ("ALJ") denying benefits. Accordingly,

the case was remanded to the Commissioner for further evaluation

under sentence four of 42 U.S.C. § 405(g) in light of the Court's

Order.

Counsel now seeks fees in the amount of $6,030.00 based on

33.5 hours of work spent on this case before this Court.[1]

Defendant opposes counsel's request, arguing that its position in

opposing Plaintiff's appeal of the Commissioner's denial of

benefits was substantially justified. The Court agrees with

Defendant and finds that its position was substantially

justified.

Pursuant to the EAJA, "a court shall award to a prevailing

party . . . fees and other expenses . . . incurred by that party

. . . unless the court finds that the position of the United

---

[1]     Counsel originally sought $5,400.00 for 28 hours of work,
but amended this total in light of Defendant's opposition to her
original fee petition.

States was substantially justified or that special conditions make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This means that fees can be ordered under the EAJA unless the government's position "has a reasonable basis in both law and fact." Williams v. Astrue, 600 F.3d 299, 302 (3d Cir. 2009) (quoting Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)). It is Defendant's burden to establish that its position: (1) had a reasonable basis in truth for the facts alleged; (2) had a reasonable basis in law for the theory propounded; and (3) had a reasonable connection between the facts alleged and the legal theory advanced. See id.

However, "a court cannot assume that the government's position was not substantially justified simply because the government lost on the merits." Id. (quoting Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998)). Indeed, "a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified." Id. The Court must look at the totality of the circumstances in making its decision. See id. (citing Roanoke River Basin Assoc. v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993)).

Here, Defendant argues that it was justified in opposing Plaintiff's appeal because it reasonably took the position that the ALJ had provided an adequate basis for assigning "little

weight" to the opinion of the examining source, Dr. Mark Goral, Ph.D., and for denying benefits under the Act. For the reasons stated in the Court's January 3 Order remanding the case for further discussion on this point, the Court agrees with Plaintiff that the ALJ's explanation was inadequate. Nonetheless, the Court agrees with Defendant that the ALJ was substantially justified in denying benefits and that Defendant was substantially justified in taking the position that the ALJ's decision was supported by substantial evidence.

The Court first notes that this case was broader than a single issue. Plaintiff challenged the ALJ's finding that she was not disabled, and Defendant took the position that substantial evidence supported the ALJ's decision. Accordingly, the "facts alleged" by both the ALJ and Defendant here are broader than the mere treatment of Dr. Goral's opinion and go ultimately to the issue of disability generally. Indeed, in addition to her argument regarding Dr. Goral's opinion, Plaintiff also argued that the ALJ inadequately discussed the effect of her headaches in establishing her residual functional capacity ("RFC"), and Defendant was forced to address this argument in defending the ALJ's decision. While the Court did not expressly reach that issue, it did indicate that it did not agree with Plaintiff on this point. It most assuredly did not remand the

case on the basis of the ALJ's treatment of her headaches. Accordingly, Defendant was more than substantially justified in defending the ALJ's decision in that regard. Further, even though the Court did remand the case on the issue of the treatment of the consultative examiner's opinion, it noted that there was arguably contrary evidence in the record and that it could not find that substantial evidence in the record as a whole indicated that Plaintiff was disabled and entitled to benefits. As such, looking beyond the single issue of the consultative examiner, Defendant was substantially justified in its overall position that the ALJ correctly determined that Plaintiff was not disabled.

Regardless, even on the more narrow issue of whether the government, both here and at the administrative level, was substantially justified in regard to consultative examiner Goral's opinion, the Court finds in the affirmative. First, as Plaintiff's counsel herself states, Plaintiff's position was that the ALJ rejected the consultative examiner's opinion despite the lack of any contrary medical evidence. As Defendant has pointed out, there was medical evidence in the record that was arguably contrary to Dr. Goral's findings, both within Dr. Goral's report and elsewhere in the record. The ALJ did, in fact, discuss some of this evidence, e.g., the opinion of Kerry Brace, Psy.D., and

the treatment notes from Dr. Scott Morgan, M.D. The Court did, of course, find that the ALJ failed to indicate expressly that he had relied on this other evidence in weighing Dr. Goral's opinion and, accordingly, pursuant to SEC v. Chenery Corporation, 318 U.S. 80, 87 (1943), refused to supply its own explanation as to the basis for the ALJ's decision. However, the Court specifically agreed with Defendant that the record did arguably contain evidence contrary to Dr. Goral's opinion. Defendant's position in this regard, therefore, had a reasonable basis in truth for the facts alleged.

Likewise, Defendant's position, both here and at the administrative level, had a reasonable basis in law, as the government is not asking the Court to affirm the ALJ's decision on an improper legal basis. The Court found that the basis the ALJ gave for the weight assigned to the consultative examiner's opinion, i.e., that he "relie[d] too heavily on the claimant's subjective complaints" in making his professional assessments, was insufficient. However, although the ALJ did give a reason that while standing alone was insufficient, it was not an impermissible consideration per se. See Plummer v. Apfel, 186 F.3d 422, 430 (3d Cir. 1999). Defendant argues merely that this permissible consideration, in connection with other factors, supports the ALJ's findings. It does not assert that the Court

could affirm the ALJ solely on the basis of reliance on subjective complaints. In a similar vein, Defendant does not challenge the Chenery doctrine itself, but rather argues that it does not apply.

Finally, Defendant offered a reasonable connection between the facts alleged and the law. As noted, while the Court applied the Chenery doctrine in refusing to assume that the ALJ did have other valid reasons for weighing Dr. Goral's opinion as he did, it finds that both Defendant and the ALJ were substantially justified in believing that it was not necessary to cite the other evidence specifically in relation to the weight assigned to Dr. Goral's findings, given the fact that the ALJ did discuss other contrary evidence elsewhere in the decision, and given the arguable internal inconsistencies in Dr. Goral's findings. As the Court pointed out in its Order remanding the case, the ALJ's decision was generally quite thorough and extensively discussed Plaintiff's impairments. It is very reasonable that both he and Defendant would take the position that the decision was sufficient as a matter of law. Indeed, this is not a case where the ALJ impermissibly ignored a relevant opinion all together, but rather one where reasonable minds could differ as to whether the discussion of one of the opinions was sufficiently thorough.

It is also important to note that Plaintiff was arguing that the improper weight assigned to Dr. Goral's opinion rendered the RFC inadequate. Defendant was therefore not only defending the treatment of the consultative examiner's opinion, but also the RFC determination. There was a plethora of evidence in the record supporting that determination, and Defendant's failure to support the ALJ's findings in regard to the RFC may have led to an award of benefits.

The situation in this case is similar to the situation in Williams. Here, as there, the Court found just one error in the ALJ's decision. Here, as there, the error is inconsequential because, as discussed, the ALJ has the ability to reach the same conclusion on remand based on other record evidence.[2] Under these circumstances, the Court finds that Defendant's opposition to remand was substantially justified, and that an award of fees pursuant to the EAJA is not warranted.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

[2] Although not directly relevant to the Court's decision, the Court does note that the ALJ did, in fact, deny benefits on remand.

8